LAW OFFICES OF ALI AND BAINS PC
118-35 QUEENS BLVD
FOREST HILLS NY 11375
PH (718) 544-8000
FX 718) 480-1244
tbains@alibainsfirm.com

November 5, 2019

**BY ECF**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Mircea Constantinescu*, 19 Cr. 651 (LTS)

Dear Judge Swain:

      Defendant Mircea Constantinescu respectfully submits this letter in response to the government's appealing from bail orders issued with respect to defendant Mircea Constantinescu.

      This is a nonviolent crime that is charged in the indictment. Mr. Constantinescu has no prior criminal convictions and is not a risk to the community. The only real issue is whether any condition or combination of conditions can insure his return to court.

      Both the defendant and the Hon. Honorable Lauren Fleischer Louis, United States Magistrate Judge for the Southern District of Florida agree that there are conditions upon release which will insure his return to court.

      The condition or conditions that the court in Florida set and that were appealed are $200,000 personal security bond, surrender of all travel documents and no application for travel documents, report to pretrial services, no encumbrance or sale of any property by signatories, and most significantly home confinement with electronic GPS monitoring. (Exhibit A)

      These conditions seem reasonable and least restrictive to insure he returns to court.

**PROCEDURAL HISTORY**

1

On October 10, 2019, 17 defendants were arrested in this case. Eight of those defendants were presented in this District before the Honorable Ona T. Wang, United States Magistrate Judge for the Southern District of New York and Mircea Constantinescu was presented in the Southern District of Florida before the Honorable Lauren Fleischer Louis, United States Magistrate Judge for the Southern District of Florida.

The Government sought detention for Mircea Constantinescu. Magistrate Judge Louis set conditions for the release of Mircea Constantinescu but ordered that her bail decision be stayed until the close of business October 15, 2019, in order for the Government to file an appeal of her decision.

The original bail appeal hearing before District Court Judge Laura Swain was scheduled for October 24, 2019 but since Mr. Mircea Constantinescu had not been extradited to the Southern District from Florida the hearing was not held.

Mr. Mircea Constantinescu was finally presented in the Southern District on November 27, 2019 before Magistrate Judge Robert W. Lehrburger. Although the ECF filing indicates he was arraigned with attorney Tejinder Bains being present, this is incorrect. I was not present but believe the court arranged an attorney for arraignment and Bail Appeal conference was set before District Judge Laure Swain on December 6, 2019.

**LEGAL RECITATION**

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be (1) released on personal recognizance or upon execution of an unsecured appearance bond, (2) released on a condition or combination of conditions. 18 USCA § 3142

The judicial officer can consider conditions such as

(i): remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office

may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

Only if the federal courts determine after a hearing that the defendant is either a danger to the community or a risk of flight are they empowered to order a defendant's detention pending trial upon a determination that the. no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community. U.S. v. Zannino, C.A.1 (Mass.) 1986, 798 F.2d 544; U.S. v. Perry, C.A.3 (Pa.) 1986, 788 F.2d 100, certiorari denied 107 S.Ct. 218, 479 U.S. 864, 93 L.Ed.2d

In determining whether no conditions of pretrial release would reasonably assure appearance of defendant at trial, court must consider nature and circumstances of offenses charged; weight of evidence against defendant; history and characteristics of defendant; and nature and seriousness of danger that would be posed by defendant's release. U.S. v. Minns, N.D.Tex.1994, 863 F.Supp. 360

Where a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

### FACTUAL RECITATION

Mr. Constantinescu is an American citizen with minor American citizen children, two girls 13 and 9 years old. He is married to a co-defendant, Ionela Constantinescu who was released on bail conditions.

Mr. Constantinescu only owns one property in Pennsylvania where he plans on residing if he is released. Although he was born in Romania he has limited contacts in Romania. The only contact remaining is his mother who has since the detention relocated to the United States to help with the family, even though she is very ill. His father passed away in 2018 in Romania.

Mr. Constantinescu is 45 years old and is a high school graduate. He has been gainfully employed in the United States since he arrived in 2000 when he won a lottery visa for Romanian citizens.

He has worked in construction, at a water meter company and lastly and most recently as an uber driver and plans to go back if he is released.

Mr. Constantinescu has no prior criminal convictions either in the United States or in Romania. His only contact was a state arrest which was subsequently dismissed.

Mr. Constantinescu is willing to comply will any condition put upon him for his release and does not present a serious risk of nonappearance in Court, and numerous conditions or combination of conditions can reasonably assure his appearance.

### **ARGUMENT**

### THE LACK OF EVIDENCE AGAINST CONSTANTINSECU

The only allegation that the prosecution sought fit to include in the indictment is that he shipped a card reader from Pennsylvania to Mexico which was intercepted by the government.

There is no illegality in buying, owning or shipping a card reader. The illegality occurs if it is established that there was an illegal use of the product.

Even the government's allegation in their response to the bail appeal that on or about July 12, 2018, Mr. Constantinescu sent a package containing "multiple Triton ATM card reader slot devices, at least one of which contained a small hole on the front left corner" is not illegal per se there must be an intent to use it unlawfully.

These are allegations that the defense will challenge vigorously and he should not be denied bail simply on the allegations.

### NATURE AND CIRCUMSTANCES OF OFFENSES CHARGED;

Herein the offence charged is a non-violent crime, no firearm was alleged to be used , no drug importation, sale or use was alleged , and there was no allegation of any violence or harm to minors.

We do not minimize the allegations but any future behavior of released can be contained by the conditions set by the court.

### HISTORY AND CHARACTERISTICS OF DEFENDANT

Mr. Constantinescu's history, characteristics, and financial resources also weigh in favor release on the most least restrictive conditions which guarantee his return to court.

He cannot flee to Romania and remain there undetected, as suggested by the government because the United States has an extradition treaty with Romania and there have been numerous high and low profile cases involving extradition of individuals from Romania for crimes involving credit card skimming.

In fact, I anecdotally recall a case where the defendant was first deported to Romania and then extradited back to face charges in relation to credit card skimming.

Although he is a dual citizen of the United States and Romania, he has no family living in Romania. His mother is now in the United States and the only time the government alleged he returned to Romania was in 2018, this is once over a 20-year period that he has been in the United States and he had returned to Romania because his father had died.

Mr. Constantinescu does not own three homes in Romania and in fact owns no homes in Romania. The property he was talking about in the wiretap were the ancestral homes of his parents and his wife's parents.

The family has not moved around unusually to avoid law enforcement. He lived in New York since 2000 moving apartments but in the same neighborhood. The only substantial move was to Florida in 2018. He had an address in Pennsylvania but this was a summer house.

As to the allegation that he violated a court order of protection by talking to his wife. I was the attorney of record on the criminal case that the order of protection rose from. That case was dismissed with prejudice and the order of protection when in effect was subject to family court orders and the family court had permitted him contact with his wife. The essence of all this is that there was no violation of an order of protection. (Exhibit B)

4

There is nothing in the history of Mr. Constantinescu that evenly mildly suggests that he is a danger to the community.

Herein there are several conditions or combination of conditions that will insure his return to court.

The first and foremost would be release in to the custody of his mother who be the designated person, who agrees to assume supervision and to report any violation of a release condition to the court.

Other conditions could be in combination, order to maintain employment, or, if unemployed, actively seek employment;  abide by specified restrictions on personal associations, place of abode, or travel; avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense and co-defendants;  report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;  comply with a specified curfew; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance,; undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require; ) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond; satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community such as reasonable bail guaranteed by the property he owns in Pennsylvania, GPS ankle monitoring and home confinement, except for employment and other appointments, alcohol abuse counseling,

In conclusion Mr. Constantinescu is willing to abide by any conditions the court sets and these conditions in addition to his family in the United States is more than enough to insure he returns to court to face the charges.

For the foregoing reasons, we respectfully request that the Court order the release of Mr. Constantinescu on the least restrictive conditions

Respectfully submitted,
Tejinder Bains
Attorney for Mircia Constantinescu