**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 30, 2021

**BY ECF**

The Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:  United States v. Mircea Constantinescu, 19 Cr. 651 (LTS)

Dear Chief Judge Swain:

The Government writes in advance of the bail review hearing in this matter, currently scheduled for May 6, 2021 at 2:00 p.m.  The Government respectfully submits that (1) there is probable cause to believe that defendant Mircea Constantinescu ("Constantinescu" or "the defendant") has committed a crime while on release; (2) there is no condition or combination of conditions of release that will assure that Constantinescu will not pose a danger to the safety of any other person or the community; and (3) Constantinescu is unlikely to abide by any condition or combination of conditions of release.  When the first and *either* of the second or the third conditions are met, the law requires that a defendant be detained.  *See* 18 U.S.C. § 3148(b).  Accordingly, the Government moves for the defendant to be remanded after the upcoming conference.

## I.   Background

As the Court is aware, the Government initially sought detention as to Constantinescu, first in the Southern District of Florida, where he was presented, and subsequently in an appeal before this Court, on the grounds that there was no condition or combination of conditions that could reasonably assure Constantinescu's appearance in court.  The Government laid out its reasons for that contention in detail in its October 15, 2019 letter in support of detention.  *See* Dkt. 53 ("Detention Letter").  As the Government noted in the Detention Letter, the evidence against Constantinescu is overwhelming, and includes intercepted communications and seized packages.  Detention Letter at 4-6.  The Government also noted that Constantinescu's history and characteristics rendered him a serious flight risk, and that Constantinescu had demonstrated a willingness to flout judicial orders in the past.  *Id.* at 6-7.  The Government's submission also detailed how, on or about April 19, 2018, Constantinescu was arrested for punching his wife (identified as "a victim" in the Detention Letter, and who is also a co-defendant in this case) with a closed fist in the left eye and subsequently throwing a glass vase, while his minor children were at home and awake.  *Id.* at 7 & n.2.

On December 6, 2019, this Court denied the Government's bail appeal, ordering Constantinescu released on conditions.  *See* Dkt. 135.

Hon. Laura Taylor Swain  Page 2
April 30, 2021

## II.     Applicable Law

Title 18, United States Code, Section 3148(b) provides in relevant part that, following a bail revocation hearing, the court shall revoke bail and order detention if it finds that: "there is probable cause to believe that the defendant has committed a Federal, State, or local crime while on release," and *either* that "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;" *or* that "the person is unlikely to abide by any condition or combination of conditions of release."  18 U.S.C. § 3148(b)(1)(A), (b)(2)(A) & (B).  *See, e.g.*, *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000). To establish the second or third prongs, the Government needs to prove only by a preponderance of the evidence that "no conditions will guard against flight or dangerousness or that the person is unlikely to abide by any release condition."  *United States v. Gotti*, 794 F.2d 773, 777-78 (2d Cir. 1986); *see also United States v. Poinsett*, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

## III.    Discussion

Constantinescu has committed a state crime while on release.  He poses a danger to the safety of his wife, his children, and the community, and he is unlikely to abide by conditions of release.  He should be remanded.

As noted in the violation report submitted by the Pretrial Services Office dated April 26, 2021, and in the attached criminal complaint, on or about April 14, 2021, Constantinescu was arrested for assault in the third degree and harassment in the second degree.  The complaint, which is attached hereto as Exhibit A, states that the defendant's wife reported that, during a verbal dispute, Constantinescu "punched her in the mouth resulting in bleeding and a laceration on her upper lip."  Exhibit A at 1.  Photographs provided by the Queens County District Attorney's Office to the Government corroborate that claim and demonstrate the extent of Constantinescu's wife's injury.  *See* Exhibit B.[1]  These materials demonstrate by more than probable cause that Constantinescu committed a state crime while on release.

On its own, this conduct demonstrates that Constantinescu poses a grave danger to his wife and the community.  *See, e.g.*, *United States v. Mercedes*, 254 F.3d 433, 437 (2d Cir. 2001) (noting that while the Second Circuit has never "explicitly held that prior acts of domestic violence are relevant to a determination of dangerousness," it has "cited with approval a case from another circuit" noting that "a willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness towards others.").  And this was no isolated incident – as described above, Constantinescu has engaged in domestic violence toward his wife in the past, in the presence of his own children. That he continues to do so, even while on federal pretrial release, is deeply troubling.  In addition, Pretrial Services reported to the Government in May 2020 that an individual who was then residing with Constantinescu as a roommate ("Individual-1") reported feeling "threatened by [the defendant]," who was "calling him from different phone numbers and

---

[1] In light of the sensitive nature of Exhibits A and B, the Government respectfully requests permission to file them under seal.

Hon. Laura Taylor Swain                                                                                              Page 3
April 30, 2021

approached him with a big dog," stating that Individual-1 was "nervous to walk around the block with his young child in fear that the defendant would attack him with a knife."

These actions, taken separately and together, demonstrate by far more than a preponderance of the evidence that no conditions of release will assure that Constantinescu does not pose a danger to other persons and the community and that it is unlikely that he will abide by conditions of release (including conditions not to violate federal, state, or local laws) in the future. Constantinescu has broken the law while on release, and his dangerousness need not be presumed – he has made it manifestly clear with an instance of actual physical assault. Accordingly, this Court should remand him.

**IV.     Conclusion**

For the reasons set forth above, the Government respectfully requests that the defendant be remanded after the upcoming bail revocation hearing.

For the reasons stated herein, the application to file Exhibits A and B under seal is granted. Docket entry 629 is resolved.

SO ORDERED.
4/30/2021
/s/ Laura Taylor Swain, Chief USDJ

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for
the Southern District of New York

By: _/s/ E. Hanft_
Elizabeth Hanft
Samuel P. Rothschild
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2334/2504/2616

cc:     Meredith Heller, Esq. (by ECF and email)
        U.S. Pretrial Services Officer Rena Bolin (by email)