UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MIRCEA CONSTANTINESCU,

              Defendant.

19-cr-651 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Mircea Constantinescu has moved this Court for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. (Dkt. No. 1597.) That statute authorizes the Court to modify his sentence after considering the factors in Section 3553(a) if the Court finds "extraordinary and compelling reasons warranting such a reduction" and if the defendant has exhausted his appeal rights to the Bureau of Prisons, which Constantinescu has done. (*Id.*) In July of 2022, defendant was found guilty after a jury trial of (1) conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) and 18 U.S.C. § 1029(c)(1)(A)(ii); (2) conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349; (3) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (b); and (4) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Upon receipt of defendant's motion, the Court appointed counsel to represent him pursuant to the Criminal Justice Act and directed the parties to "determine the underlying facts, including whether alternate caretakers are available, and report in writing to the Court, either jointly or separately, on or before September 12 what the facts are and their views of what action the Court should take, if any." (Dkt. No. 1599.)

    The United States Sentencing Commission has issued a policy statement clarifying what constitutes "extraordinary and compelling circumstances" in Section 1B1.13(b) of the United States Sentencing Guidelines. That section states that "extraordinary and compelling reasons exist under any of the following circumstances." One "extraordinary and compelling reason" listed specifically in Section 1B1.13(b)(3)(A) is the fact situation we have here: the "death . . . of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A).

    Constantinescu has served approximately 40 months of his 92-month sentence and is scheduled by the Bureau of Prisons to be released in October 2028.

The facts set forth below are as submitted by the parties in response to the Court's order dated September 2, 2025. (Dkt. No. 1599.)

Ionela Constantinescu, defendant's wife and codefendant, died in a boating accident on July 3 of this year. (Dkt. No. 1600 Ex. A.) She was the sole caregiver for their two daughters, aged 15 and 19. (Dkt. No. 1597 at 7, 45.) The daughters are currently living without adult supervision in Kew Garden Hills, Queens, in the apartment in which they resided with their mother. (Dkt. No. 1600 Ex. B.) Although a GoFundMe fundraiser has provided them some financial assistance, the girls are behind on rent and depend on the GoFundMe to pay their living expenses, including rent. (Dkt. No. 1600 Exs. B, C.) Neither of the girls' living grandparents is able to care for them because the grandparents live in Romania, are financially unable to relocate to the United States, and suffer health problems. (Dkt. No. 1600 Ex. C.) Constantinescu asserts there are no other available caretakers for his two daughters. (Dkt. No. 1597 at 7.)

As part of his motion, Constantinescu has submitted a letter from Raul Grosan, the human resources coordinator at Euro Painting MM LLC, stating that that company will employ Constantinescu upon his release from custody. (Dkt. No. 1597 at 43.) In addition, Constantinescu has represented that he is able to reside with a friend, Sotirios Darabukas, at 19-52 80th Street, East Elmhurst, NY 11370 (Dkt. No. 1597 at 12), and the United States Probation Office has confirmed this with Mr. Darabukas.

Other courts in this circuit have granted compassionate release motions in similar circumstances. In *United States v. Boccanfuso*, Chief Judge Laura Swain altered the defendant's sentence to allow him to care for his daughter after she was removed from her mother's care due to neglect and her grandparents were unable to care for her. No. 15-cr-341, 2023 WL 3741980, at *3 (S.D.N.Y. May 31, 2023). In *United States v. Qadar*, Judge Allyne Ross of the Eastern District of New York found that extraordinary and compelling circumstances existed because the defendant's child had taken on burdensome caretaking responsibilities for her arthritic mother, and financial responsibilities had become "an enormous strain." No. 00-cr-603, 2021 WL 3087956, at *9-*10 (E.D.N.Y. July 22, 2021). And in *United States v. Cruz*, Judge Janet Hall of the District of Connecticut determined that extraordinary and compelling circumstances existed on the basis that the defendant was the only person who could provide essential care for his terminally ill mother. No. 94-cr-112, 2021 WL 1326851, *10-*11 (D. Conn. Apr. 9, 2021).

*United States v. Olangian*, does not alter this analysis. No. 12-cr-798, 2024 WL 4372135 (S.D.N.Y. Oct. 2, 2024). There, the defendant based his compassionate release motion in part on the need to care for his adult son in the United States and the lack of any alternative caretakers in the United States. *Id.* at *4. However, the defendant's son already lived in Iran, and Judge Loretta Preska denied defendant's

2

motion because the son's mother and brother, who were the son's caretakers, were still able to care for the son in Iran. *Id.* at *5.

The Court has considered each of the factors set forth in 18 U.S.C. § 3553(a) which require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Defendant's conduct was extremely serious. Defendant and others carried out a wide-ranging ATM skimming and money laundering operation, obtaining victims' debit card information to fraudulently withdraw cash from the victims' accounts. (PSR, Dkt. No. 1488 at 12–15.) Defendant built skimming equipment, coordinated shipment of packages containing the equipment, and laundered proceeds of the scheme. Constantinescu was highly placed within the conspiracy, and other defendants in the conspiracy looked to him as the conspirator who laundered money for the organization. (*See* Sent. Tr. at 12:7–16, 14:6–22); *see also United States v. Constantinescu*, 147 F.4th 299, 308, 319-320 (2d Cir. 2025). The total loss for the conspiracy attributed to Constantinescu exceeded $1.2 million.

Despite the seriousness of his crimes, the Court, having weighed and considered the Section 3553(a) factors, concludes that a reduction in Constantinescu's sentence is appropriate in light of the extraordinary and compelling circumstances set forth above, specifically the need for Constantinescu to care for his minor daughter and to provide her with a place to live.

For the foregoing reasons, Constantinescu's motion for compassionate release under 18 U.S.C. § 3582(c) is granted.

Upon release from imprisonment, Constantinescu shall serve a three-year term of supervised release on each count of conviction concurrently. He shall follow the mandatory, standard, and special conditions as set forth in the Judgment. (Dkt. No. 1399.) In addition:

1. The defendant must maintain employment as set forth in Standard Condition 7.[1]

---

[1] Standard Condition 7: "You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated

3

2. The defendant must not have any contact with any of his codefendants.
3. The defendant shall be monitored by the form of location monitoring indicated below for a period of six months and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and probation.
4. The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer.
5. Technology determined at the discretion of probation.

Dated: New York, New York
September 16, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

---

circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change."