UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MIRCEA CONSTANTINESCU

[Proposed]
**Amended Order of Restitution**

Docket No. 19 Cr. 651 (SHS)

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Maggie Lynaugh, Samuel P. Rothschild, and Robert B. Sobelman, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's convictions on Counts One, Two, Three, and Four of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

## 1. Amount of Restitution

Mircea Constantinescu, the Defendant, shall pay restitution in the total amount of $1,953,220.20, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, to the victims of the offenses charged in Counts One, Two, Three, and Four. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

### A. Joint and Several Liability

Restitution is joint and several with any defendant ordered to make restitution for the offenses in this matter under 19 Cr. 651, up to a total of $8,787,345.50. The Defendant's liability for restitution shall continue unabated until either the Defendant has paid the apportioned amount set forth below, or every victim has been paid the total amount of loss from all the restitution paid by the defendants in this matter.

2020.11.02

| Defendant | Apportioned Amount of Restitution |
|---|---|
| Mircea Constantinescu | $1,953,220.20 |

### B. Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

### 2. Schedule of Payments

The Defendant must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. Restitution in the full amount of each victim's loss is due immediately and is payable pursuant to 18 U.S.C. § 3752(d)(1) and (2) according to the following schedule: Restitution shall be payable in monthly installments at a rate of at least 10% of the Defendant's gross monthly earnings. While the Defendant is incarcerated, restitution shall be payable at a rate of at least $25 per quarter.

If the Defendant defaults on the payment schedule set forth above, the Government may pursue other remedies to enforce the judgment.

### 3. Payment Instructions

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order.

Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

**4**. **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

**5. Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

**6. Sealing**

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto

as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed

by the Government, the Clerk's Office, and the Probation Department, as need be to effect and

enforce this Order, without further order of this Court.


SO ORDERED:

_____

HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

October 20, 2025

DATE

2020.11.02

## SCHEDULE A



| NAME | ADDRESS | LOSS |
|------|---------|------|

2020.07.10



| NAME | ADDRESS | LOSS |
|------|---------|------|

Page 3

| NAME | ADDRESS | LOSS |
|------|---------|------|
| ███ ███ | ███ | ███ |
| | | ██ |
| ███ | ███ | ███ |
| ███ | ███ | ███ |
| **TOTAL** | | **$8,787,345.50** |

2020.07.10